## AMES BALDWIN WYOMING CO. v. NATIONAL LABOR RELATIONS BOARD.

### No. 3766.

Circuit Court of Appeals, Fourth Circuit.
Nov. 1, 1934.

H. S. Boreman, of Parkersburg, W. Va., and John E. Laughlin, Jr., of Pittsburgh, Pa. (Thorp, Bostwick, Reed & Armstrong, Earl F. Reed, and C. M. Thorp, Jr., all of Pittsburgh, Pa., on the brief), for petitioner.

Wendell Berge, Sp. Asst. to the Atty. Gen., and Robert B. Watts, Sp. Counsel, National Labor Relations Board, of New York City (Harold M. Stephens, Asst. Atty. Gen., on the brief), for respondent.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

### PER CURIAM.

On September 19, 1934, Ames Baldwin Wyoming Company, a Delaware corporation, having its principal place of business in Parkersburg, W. Va., filed in this court a petition wherein it prayed that the court set aside, vacate, and annul an order of the National Labor Relations Board of September 17, 1934, purporting to require the peti-

tioner to co-operate in the holding of an election by its employees of representatives for purposes of collective bargaining under the National Industrial Recovery Act of June 16, 1933, c. 90, title 1 (15 USCA § 701 et seq.). The grounds upon which the petitioner relies for relief are that title 1 of said act and Public Resolution No. 44 of the 73rd Congress, approved June 19, 1934 (15 USCA §§ 702a–702f), pursuant to which the Labor Board was created, are void and unconstitutional, in that they contravene the Fifth and Tenth Amendments to the Constitution of the United States; and also that the Board had made certain findings of fact not supported by competent evidence condemning the actions of the petitioner in connection with an election previously held at the plant of the petitioner in Parkersburg on June 25, 1934, for the selection of such representatives by the employees. The findings and conclusions of the Board, after setting out certain actions of the company which were held to be willful interference with self-organization on the part of the employees, contained the following:

"Conclusions.

"The Ames Baldwin Wyoming Company has interfered with the self-organization of its employees in violation of section 7 (a) of the National Industrial Recovery Act (15 USCA § 707 (a).

"It is in the public interest that an election by a secret ballot of the employees of the Ames Baldwin Wyoming Company be had to determine by what person or persons or organization they desire to be represented for the purpose of collective bargaining as defined in section 7 (a) of the National Industrial Recovery Act and incorporated in Public Resolution No. 44 of the 73rd Congress.

"Enforcement.

"Unless within five days from the date of this decision, the company has notified this Board that it will cooperate with this Board in the holding of an election by its employees who were on the pay roll June 25, 1934, except those who are now regularly employed elsewhere, and those who should be disqualified because of violence in the existing strike, the date and location of the election, and the qualification of voters, to be determined by this Board; and that for the purpose of said election it will submit to a representative of this Board its pay roll as of June 25, 1934, the case will be referred to the Compliance Division of the National Recovery Administration and to other agen-

cies of the Government for appropriate action.

"Order for Election.

"This proceeding, having been duly heard by the National Labor Relations Board upon the petition of local union No. 18658, A. F. of L., and upon testimony and evidence received at Parkersburg, West Virginia, on August 23, 1934, and at Washington, D. C., on September 6, 1934, and the Board having herewith made its decision, findings of fact, and its conclusion that it appears to be in the public interest so to do, now therefore it is,

"Ordered that at a time to be designated by this Board and under the supervision of its representative, an election by a secret ballot of those employees of the Ames Baldwin Wyoming Company who were on the pay roll of said company on June 25, 1934, shall be held to determine by what person or persons or organization they desire to be represented for the purpose of collective bargaining as defined in section 7 (a) of the National Industrial Recovery Act and now incorporated in Public Resolution No. 44 of the 73rd Congress."

Public Resolution No. 44, which is generally known as the "Labor Disputes Law," and is designed to supplement the provisions of section 7 (a) of the National Recovery Act, provides, amongst other things, in section 2 (15 USCA § 702b) that any order issued by the Board, under the authority of this section, may, upon application of the Board or upon petition of the person or persons to whom the order is directed, be enforced or reviewed, as the case may be, in the same manner, so far as practicable, as is provided in the case of an order of the Federal Trade Commission under the Federal Trade Commission Act. It is under this provision that the present petition has been filed.

The respondent moves to dismiss the petition, and contends that the act furnishes no support for the petition because the petitioner is not a person to whom the order is directed, and is not affected by the order in any manner reviewable by the court, and that in any event the order is not a final order, but merely a declaration of the respondent of an intent to hold an election at some indefinite time in the future.

We think that the respondent's position is correct in so far as it is directed to the inconclusive and informal character of the so-called order. In our view, it amounts to nothing more than an expression of opinion

on the part of the Board that a new election should be held at some time in the future, to be thereafter designated, because of the defects in the election previously held, coupled with an invitation to the employer to co-operate in the new election, and a statement that, unless notice of a willingness to co-operate should be given in five days, the case would be referred to the Compliance Division of the National Recovery Administration. On its face the order does not direct the holding of an election at a particular time and place, and does not specifically require that the employer perform any act in connection therewith. Indeed, the order bears strong evidence that it was intended merely as an offer of compromise of the difficulties which had arisen in connection with the prior election, under the terms of which the government agency would waive a reference to the Compliance Division of the National Recovery Administration, and the employer would waive any right that it might have to contest the holding of a new election and co-operate therein. Corroboration of this view is found in the record, submitted with the petition, of the hearing of the Board on September 6, 1934, at Parkersburg, W. Va., which was held upon notice and complaint that the employer had violated the provisions of section 7 (a) of the National Recovery Act, wherein it was stated that the Board would inquire into the advisability of holding a new election. The colloquies which took place between the chairman of the Board and the representative of the employer indicated that the employer was willing to consent and co-operate with the Board in the holding of an election in which the employees would have a chance to express their preference either for the employee representative plan or for the union, provided that the election should not take place for a period of sixty days, and that those men should be entitled to vote who appeared at work on June 21st, omitting the names of any men who had obtained employment elsewhere, and adding those who had since been employed by the company, provided that they had been former employees of the company. The order of the Board contains provisions which suggest that it had in mind this offer of the company's representative. It is not meant to say that the offer made by the company at its hearing was binding upon it, and that it thereby waived the right to object to the order which was finally passed, but merely to show that the order now complained of was intended rather as an attempt

to reach a satisfactory settlement with the employer than to pass a specific order as to the terms of a new election.

We think, therefore, that the present order may not be considered final and conclusive, and may not properly form the basis of an application to this court for enforcement or review, and that the petition should be dismissed. However, it must be understood that this court at this time makes no ruling upon the merits of the controversy in any respect, and that its present order of dismissal is without prejudice to the rights of the petitioner to apply to the court for relief at some future time if the proper basis therefor under the act should then exist.

Petition dismissed.