## FEDERAL POWER COMMISSION v. METROPOL-ITAN EDISON CO. ET AL.

No. 915. Argued May 2, 1938.—Decided May 23, 1938.

Mr. *Oswald Ryan,* with whom *Solicitor General Jackson, Assistant Attorney General Arnold,* and *Messrs. Paul A. Freund, Robert M. Cooper, William C. Koplovitz, Lambert McAllister,* and *Gregory Hankin* were on the brief, for petitioner.

*Messrs. Walter Biddle Saul* and *Edward F. Huber,* with whom *Messrs. C. Edward Paxson* and *George J. Banigan* were on the brief, for respondents.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

On January 6, 1936, the Federal Power Commission instituted an investigation to determine the "conditions, practices, and matters regarding the ownership, operation, management, and control" of the respondent corpora-

tions. The order directed respondents to file with the Commission copies of contracts and statements of working arrangements between respondents and persons controlling them, and statements of charges on respondents' books for 1934 and 1935 representing payments made and obligations incurred to such persons. Respondents were also directed to make their books, records, etc., available for examination by the Commission's representatives. The investigation was instituted on representations of the Governor and Public Service Commission of Pennsylvania..

Respondents challenged the jurisdiction of the Commission to make the order, and, reserving their right to question its legality, they furnished various data and information. Following an examination of the books and records of respondents, the Commission's examiners submitted a report on December 10, 1936.

Thereupon the Commission, on January 26, 1937, made an order providing that a hearing should be held on March 3, 1937. The order recited that the respondents had reported charges appearing upon their books which represented payments made and obligations incurred to named persons as (a) "conceded affiliates" and (b) "not conceded affiliates," respectively; that the examination of the books and records of respondents and of admitted affiliates disclosed transactions between respondents and additional named persons, and that the accounting representatives of the Commission had submitted a report indicating that certain named persons "control respondents, or are controlled by the same persons which control respondents." The order then directed respondents to appear at the hearing, as stated, and to present information bearing upon the question of control and specifically showing (1) their form of organization, respectively, (2) their articles of incorporation, partnership agreements or other documents of organi-

zation, (3) the names and addresses of partners, directors, officers, trustees and agents, (4) the ownership held by such persons "in or over any other person named above," as well as the manner by which such ownership was maintained, and (5) such other data as might from time to time be required by the Commission. The order further directed that a copy of the report prepared by the accounting representatives of the Commission should be served on each person named, and the Commission gave notice that the hearing would be had by the Commission sitting jointly with the Public Service Commission of Pennsylvania. See Federal Power Act, § 209(b), 49 Stat. 853.

Respondents then filed with the Commission a petition for rehearing as to the order of January 26, 1937, asking for the vacating of that order and the termination of the proceeding initiated by the order of January 6, 1936. Respondents contended that the Commission lacked jurisdiction to conduct an investigation concerning the propriety of contracts and working arrangements between respondents and third persons, and, in particular, (1) that the Commission was without power to investigate for the purpose of supplying information to a state commission for use in local proceedings for violations of local law, and, (2) that as to three of the respondents the Commission was without jurisdiction of their persons because they were not "public utilities" as defined in the Federal Power Act.

The Commission thereupon adjourned without day the hearing directed by the order of January 26, 1937. Later, the Commission granted the petition for rehearing and assigned "the matters involved" for hearing on April 14, 1937. Respondents then appeared and introduced evidence tending to support their objections to the Commission's jurisdiction. The Commission's counsel then in-

troduced evidence on its behalf. Respondents objected to its admissibility upon the ground that it was immaterial to the issues presented by the petition for rehearing. Their objection was overruled and respondents then asked the examiner to certify to the Commission the request to define the issues to be determined on the petition for rehearing and to instruct its representatives that no evidence in furtherance of the orders of January 6, 1936, and January 26, 1937, be introduced. The examiner refused and respondents then presented a like request to the Commission, which was denied on April 20, 1937, for the reason that its rules of practice did not provide for that method "of *interim* review of the examiner's rulings." Upon remand to the examiner, he again ruled against respondents, stating that their rights could "be amply protected by the usual method of exceptions" and argument thereon.

Respondents then presented, on April 21, 1937, to the Circuit Court of Appeals a petition asking for a rule to show cause why the Commission should not be restrained from taking any steps in furtherance of the inquiry under the orders of January 6, 1936, or of January 26, 1937, until the petition for rehearing had been disposed of, and from introducing any evidence except that which was relevant to the questions raised by the petition for rehearing. The Circuit Court of Appeals, on July 6, 1937, issued the rule to show cause, as prayed, returnable on October 4, 1937, and on September 7, 1937, granted a temporary stay. The Commission made its return to the rule and asked for a dismissal of the petition. The Circuit Court of Appeals rendered its decision on January 27, 1938. Its decree remanded the case to the Commission "for determination in accordance with the opinion" of the court, and restrained the Commission "from proceeding with its proposed inquiry and investigation in

accordance with its two orders of January 6, 1936, and January 26, 1937, until the questions raised in the petition for rehearing are determined by it."

In its opinion the court stated that the only issues of fact raised by the petition for rehearing and the evidence of the respondents were that three of the respondents were not "public utilities" as defined by the Federal Power Act and that the purpose of the investigation was to supply information to the Pennsylvania Commission for use in local proceedings designed to impose penalties under the state law. 94 F. 2d 943, 945. The court said (*id.*, p. 946):

"Coming to the merits of the case, when the petition was filed and granted it was the plain duty of the Federal Commission to determine the issues raised in the petition. We are going to remand the case for such determination. In doing so the evidence admitted should be strictly confined to the two issues raised in the petition and not extended to the scope of the investigation proposed in the orders of January 6, 1936, and January 26, 1937. The relation of the evidence to the two questions involved should be apparent and logical and not far-fetched and remotely inferential. Some of the evidence admitted when the case was before the Federal Commission on rehearing was not relevant and material. If both sides will seek to produce only such evidence as is clearly admissible, we venture to hope that the determination of the issues will be speedy, final and satisfactory.

"In remanding the case we express no opinion on the merits of the questions to be decided. The determination of them is for the Federal Commission under relevant and competent evidence. The act has provided a review by this court of the orders of the Federal Commission and no order on the merits is now before us. These proceedings were taken so that the questions would not be moot if and when they come here."

This Court granted certiorari and the cause has been argued. We are of the opinion that the Circuit Court of Appeals had no jurisdiction to enter the decree.

. *First.* There was no order of the Commission before the Circuit Court of Appeals for review. Apart from the question whether the order of January 6, 1936, or that of January 26, 1937, can be regarded as reviewable, no application for such a review had been made. ,

The provision conferring appellate jurisdiction on the Circuit Court of Appeals in relation to orders of the Federal Power Commission is found in § 313 of the Federal Power Act, as amended by the Act of August 26, 1935, c. 687, 49 Stat. 860, 861.[1] Section 313 (a) provides

[1] "Sec. 313. (a) Any person, State, municipality, or State commission aggrieved by an order issued by the Commission in a proceeding under this Act to which such person, State, municipality, or State commission is a party may apply for a rehearing within thirty days after the issuance of such order. The application for rehearing shall set forth specifically the ground or grounds upon which such application is based. Upon such application the Commission shall have power to grant or deny rehearing or to abrogate or modify its order without further hearing. Unless the Commission acts upon the application for rehearing within thirty days after it is filed, such application may be deemed to have been denied. No proceeding to review any order of the Commission shall be brought by any person unless such person shall have made application to the Commission for a rehearing thereon.

"(b) Any party to a proceeding under this Act aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the Circuit Court of Appeals of the United States for any circuit wherein the licensee or public utility to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia, by filing in such court, within sixty days after the order of the Commission upon the application for rehearing, a written petition praying that the order of the Commission be modified or set aside in whole or in part. A copy of such petition shall forthwith be served upon any member of the Commission and thereupon the Commission shall. certify and file with the court a transcript of the record upon which

that any person aggrieved by an order of the Commission may apply for a rehearing within thirty days after its issuance and that no proceeding to review any order of the Commission shall be brought unless there has been an application for a rehearing thereon.

Respondents say that under this provision they could not ask review of the order of January 26, 1937, until they had sought a rehearing. They did seek a rehearing and it was granted. No appeal from the order granting it would lie and none was attempted. Respondents do not contend that there was any appeal from an order, or any application for a review of an order, pending before the Circuit Court of Appeals. On the contrary, respondents say that the Commission "has never passed upon

---

the order complained of was entered. Upon the filing of such transcript such court shall have exclusive jurisdiction to affirm, modify, or set aside such order in whole or in part. No objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission in the application for rehearing unless there is reasonable ground for failure so to do. The finding of the Commission as to the facts, if supported by substantial evidence, shall be conclusive. If any party shall apply to the court for leave to adduce additional evidence, and shall show to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for failure to adduce such evidence in the proceedings before the Commission, the court may order such additional evidence to be taken before the Commission and to be adduced upon the hearing in such manner and upon such terms and conditions as to the court may seem proper. The Commission may modify its findings as to the facts by reason of the additional evidence so taken, and it shall file with the court such modified or new findings which, if supported by substantial evidence, shall be conclusive, and its recommendation, if any, for the modification or setting aside of the original order. The judgment and decree of the court, affirming, modifying, or setting aside, in whole or in part, any such order of the Commission, shall be final, subject to review by the Supreme Court of the United States upon certiorari or certification as provided in sections 239 and 240 of the Judicial Code, as amended (U. S. C., title 28, secs. 346 and 347)."

the objections raised in respondents' petition for rehearing with respect to the order of January 26, 1937"; that "concededly, the minute of the Commission granting a rehearing did not purport to decide the objections raised in the petition for rehearing"; and that "until the Commission has made an order determining those objections, respondents will not be in a position to perfect an appeal to the Circuit Court of Appeals should the Commission's determination make that necessary."

*Second.* Respondents seek to sustain the action of the Circuit Court of Appeals by virtue of the authority conferred by § 262 of the Judicial Code which provides that the federal courts shall have power "to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law." The argument is that the Circuit Court of Appeals could intervene to protect its prospective appellate jurisdiction. We are of the opinion that this contention is unsound and that the Circuit Court of Appeals in the circumstances disclosed had no appellate jurisdiction to protect.

The argument proceeds on the view that the order of January 26, 1937, despite its preliminary character, was a reviewable order subject only to the requirement that an application for rehearing should first be made. Reliance is placed on § 313 (b) of the Federal Power Act that "Any party to a proceeding under this Act aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the Circuit Court of Appeals." But neither this language, nor that of § 313 (a), should be construed as authorizing a review of every order that the Commission may make, albeit of a merely procedural character. Such a construction, affording opportunity for constant delays in the course of the administrative proceeding for the purpose of re-

viewing mere procedural requirements or interlocutory directions, would do violence to the manifest purpose of the provision.

The context in § 313 (b) indicates the nature of the orders which are subject to review. Upon service of the petition for review, the Commission is to certify and file with the appellate court "a transcript of the record upon which the order complained of was entered." The statute contemplates a case in which the Commission has taken evidence and made findings. Its findings, if supported by evidence, are to be conclusive. The appellate court may order additional evidence to be taken by the Commission and the Commission may thereupon make modified or new findings. The provision for review thus relates to orders of a definitive character dealing with the merits of a proceeding before the Commission and resulting from a hearing upon evidence and supported by findings appropriate to the case.

There are persuasive analogies in the construction of provisions for the review of the orders of other administrative bodies. The Urgent Deficiencies Act of October 22, 1913,[2] provides for cases brought to enjoin, set aside, or suspend *"any order"* of the Interstate Commerce Commission. But this Court has held that "there are many orders of the Commission which are not judicially reviewable under this provision." See *United States* v. *Los Angeles & Salt Lake R. Co.,* 273 U. S. 299, 309, and cases cited. In *United States* v. *Illinois Central R. Co.,* 244 U. S. 82, the Interstate Commerce Commission had made an order for a hearing upon an issue of reparation. The Railroad Company contended that the Commission had no jurisdiction to award damages in the case presented. A decree of the District Court, enjoining the Commission from proceeding with the hearing was re-

---

[2] 28 U. S. C. 47.

versed by this Court with directions to dismiss the petition. The "order" was not of the sort which brought it within the purview of the statute. It was a mere step in procedure. See, also, *New York, O. & W. Ry. Co.* v. *United States,* 14 F. 2d 850, affirmed 273 U. S. 652. Negative orders of the Commission are not reviewable. *Procter & Gamble Co.* v. *United States,* 225 U. S. 282; *Lehigh Valley R. Co.* v. *United States,* 243 U. S. 412, 414. A final report by the Commission on value under § 19a of the Interstate Commerce Act, though called an order, is not reviewable. *United States* v. *Los Angeles & Salt Lake R. Co., supra.* Compare *United States* v. *Atlanta, B. & C. R. Co.,* 282 U. S. 522, 527; *Great Northern Ry. Co.* v. *United States,* 277 U. S. 172, 181, 182; *United States* v. *Griffin,* 303 U. S. 226; *Shannahan* v. *United States,* 303 U. S. 596. With respect to other regulatory bodies, it has been held that mere preliminary or procedural orders are not within the statutes providing for review by the Circuit Court of Appeals. *Chamber of Commerce* v. *Federal Trade Comm'n,* 280 F. 45, 48; *Ames Baldwin Wyoming Co.* v. *National Labor Relations Board,* 73 F. 2d 489, 490; *Jones* v. *Securities & Exchange Comm'n,* 79 F. 2d 617, 619; 298 U. S. 1, 14. So, attempts to enjoin administrative hearings because of a supposed or threatened injury, and thus obtain judicial relief before the prescribed administrative remedy has been exhausted, have been held to be at war with the long-settled rule of judicial administration. *Myers* v. *Bethlehem Shipbuilding Corp.,* 303 U. S. 41. See, also, *Securities & Exchange Comm'n* v. *Andrews,* 88 F. 2d 441.

The Commission's order of January 26, 1937, (a) fixed a date for hearing, (b) required respondents to appear, and (c) required them to produce the information and documents described. In fixing a date for hearing, the

order was nothing more than a notice. *United States* v. *Illinois Central R. Co., supra,* p. 89. The statute confers no authority upon the Commission to enforce its directions to appear, testify or produce books and papers save by application to a federal court under § 307 (c).[3] Upon such an application, the court may require attendance, testimony and the production of books and papers touching the matter under investigation and failure to obey such an order of the court may be punished by it as a contempt. We think that this provision embraces all cases of alleged "contumacy" on the part of any person who is required to attend, give testimony, or produce documents. Upon such an application by the Commission for the enforcement of its order, respondents would have full opportunity to contest its validity. See *Jones* v. *Securities & Exchange Comm'n, supra.* In the in-

---

[3] Subdivision (c) of § 307 of the Federal Power Act is as follows:

"(c) In case of contumacy by, or refusal to obey a subpena issued to, any person, the Commission may invoke the aid of any court of the United States within the jurisdiction of which such investigation or proceeding is carried on, or where such person resides or carries on business, in requiring the attendance and testimony of witnesses and the production of books, papers, correspondence, memoranda, contracts, agreements, and other records. Such court may issue an order requiring such person to appear before the Commission or member or officer designated by the Commission, there to produce records, if so ordered, or to give testimony touching the matter under investigation or in question; and any failure to obey such order of the court may be punished by such court as a contempt thereof. All process in any such case may be served in the judicial district whereof such person is an inhabitant or wherever he may be found or may be doing business. Any person who willfully shall fail or refuse to attend and testify or to answer any lawful inquiry or to produce books, papers, correspondence, memoranda, contracts, agreements, or other records, if in his or its power so to do, in obedience to the subpena of the Commission, shall be guilty of a misdemeanor and, upon conviction, shall be subject to a fine of not more than $1,000 or to imprisonment for a term of not more than one year, or both."

stant case no such application by the Commission has been made. Section 307 (c) also provides that any person who willfully fails or refuses to attend and testify, or produce books and papers, in obedience to the subpoena of the Commission, shall be guilty of a misdemeanor and be subject to fine and imprisonment. The qualification that the refusal must be "willful" fully protects one whose refusal is made in good faith and upon grounds which entitle him to the judgment of the court before obedience is compelled.

The Commission's order of January 26, 1937, lay outside any appellate jurisdiction conferred by the statute upon the Circuit Court of Appeals. In that view, § 262 of the Judicial Code gives no support to the decree under review and its injunction and instructions to the Commission must be regarded as unauthorized.

The decree of the Circuit Court of Appeals is reversed and the cause is remanded with directions to dismiss the respondents' petition.

*Reversed.*

Mr. Justice Roberts and Mr. Justice Cardozo took no part in the consideration and decision of this case.