## UNITED GAS PIPE LINE CO. v. FEDERAL POWER COMMISSION.

### No. 11014.

United States Court of Appeals Third Circuit.

Argued June 5, 1953.

Decided Aug. 27, 1953.

Thomas Fletcher, Houston, Tex. (Wilbert O. Crain, George D. Fiser, E. J. Freiberg, Vernon Woods, Wilkinson, Lewis & Wilkinson, Shreveport, La., James W. McCartney, Vinson, Elkins, Weems & Searls, Houston, Tex., C. Huffman Lewis, Shreveport, La., on the brief), for petitioner.

Reuben Goldberg, Washington, D. C. (Bradford Ross, Gen. Counsel, Bernard A. Foster, Jr., Asst. Gen. Counsel, Louis L. DaPra, Pascal B. Frazier, Attys., Federal Power Commission, Washington, D. C., on the brief), for respondent.

Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.

KALODNER, Circuit Judge.

Does this Court have jurisdiction to review an Order of the Federal Power Commission ("Commission") in a rate investigation proceeding under Section 5(a) of the Natural Gas Act [1] ("Act") which directs a gas distributing company to "go forward first with the presentation of its evidence?"

That is the primary question presented by the instant Petition of the United Gas Pipe Line Company ("United") to Review and Set Aside the Order and the Commission's Motion to Dismiss.

United asserts that this Court has jurisdiction under Section 19(b) of the Act [2] and Section 10 of the Administrative Pro-

1. Act of June 21, 1938, c. 556, 52 Stat. 831, 15 U.S.C.A. § 717(d).

2. 15 U.S.C.A. § 717r(b).

cedure Act;[3] the Commission contends the contrary is true.

The admitted relevant facts preceding the filing of the Petition to Review and the Motion to Dismiss are as follows:

By order issued November 26, 1952, the Commission consolidated four separate proceedings. The proceedings at Docket No. G–1142, with which we are primarily concerned, was an investigation of United's rates and charges for the transportation or sale of natural gas for resale, subject to the Commission's jurisdiction, initiated by the Commission by order of October 12, 1948, pursuant to Section 5(a) of the Act, in order to determine whether such rates and charges were just and reasonable, and if after hearing, they were found to be unjust and unreasonable, to fix just and reasonable rates and charges.

The proceeding at Docket No. G–1508, arose on an order of the Commission issued October 16, 1950, requiring United to file a restatement of its effective rates, charges, classifications, practices, regulations and contracts for the transportation or sale of natural gas for resale subject to the Commission's jurisdiction on or before January 2, 1951, in the form required by Commission regulations, or to show good cause at a public hearing why it should not be required to do so.

Docket No. G–2019 is a proceeding with respect to a proposed increase in rates and charges by United to five natural-gas companies amounting to approximately $9,-500,000 annually, based on estimated sales for the twelve-month period ending April 30, 1953, which United filed on July 3, 1952, and with respect to notices of cancellation, filed at the same time by United, of rate schedules on file with the Commission which United asserts are no longer subject to the Commission's jurisdiction.

By order issued August 1, 1952, the Commission, pursuant to the authority of Section 4(e) of the Act, suspended the proposed rate increases and the proposed notices of cancellation until January 3, 1953, and until such further time as they might

be made effective in the manner prescribed by the Act. The order also provided for a public hearing, to be held at a time and place to be fixed by further order of the Commission.

On September 16, 1952, United filed certain revised sheets to its effective tariff, proposing a rate increase of approximately $131,258 annually, to United Gas Corporation, its parent, for resale in fifteen communities and towns located in northwest Mississippi. The Commission, by order issued October 15, 1952, at Docket No. G–2074, suspended such proposed increase until March 17, 1953, and until such further time thereafter as such revised sheets might be made effective in the manner prescribed by Act. Additionally, such order consolidated the proceeding upon the proposed increases at Docket No. G–2019 with that at Docket No. G–2074. The order also provided for a public hearing to be held in the consolidated proceedings at a time and place to be fixed by further order of the Commission.

Subsequently, by order issued January 14, 1953, at Docket No. G–2019, and April 1, 1953 at Docket No. G–2074, the proposed rate increases were permitted to become effective, under bond, subject to refund upon final disposition of the proceedings at Docket Nos. G–2019 and G–2074.

By order issued November 26, 1952, as previously stated, the Commission consolidated the two suspension proceedings at Docket Nos. G–2019 and G–2074, with the rate investigation proceeding at Docket No. G–1142 and the show-cause proceeding at Docket No. G–1508, and ordered that a public hearing be held commencing on December 15, 1952, concerning the issues raised by such consolidated proceedings. The Commission found that:

> "3. It is necessary and appropriate to carry out the provisions of the Natural Gas Act, and it is in the public interest, that the procedure hereinafter prescribed shall be followed at the hearing in order to conduct these proceedings with reasonable dispatch."

3. Act of June 11, 1946, c. 324, 60 Stat. 237, 5 U.S.C.A. §§ 1001–1011.

And by paragraph (C) of this order provided:

"United Gas Pipe Line Company shall go forward first with the presentation of its evidence at Docket Nos. G–1142, G–1508, G–2019 and G–2074."

Additionally, paragraph (D) of the said order prescribed the procedure to be followed after the presentation of testimony by United by other parties to the proceedings.

Thereafter, on December 4, 1952, United filed "Objections of United to the Order of the Commission Herewith Issued on November 26, 1952, and Motion for Continuance". United therein prayed that "its objections to being ordered to go forward in Docket No. G–1142 be sustained and that said order be corrected and amended accordingly and that all of United's rights and privileges be preserved and waived in no manner whatsoever."

By order issued December 11, 1952, which is the only order United asks this Court to review, the Commission granted petitioner's motion for a continuance and postponed the hearing theretofore to be held commencing December 15, 1952, until February 2, 1953. The Commission denied, however, the request for modification of the requirement that United go forward first with the presentation of evidence. The Commission found that "Orderly procedure requires that United shall go forward first with the presentation of its evidence in each of the dockets involved in these proceedings."

Notwithstanding such denial, on January 9, 1953, United repeated the same request for modification of the November 26 order in a "Motion for Rehearing" of the December 11 order.

Subsequently, by order issued January 15, 1953, the Commission further postponed the hearing in these consolidated proceedings from February 2 to March 3, 1953. Such postponement was ordered upon consideration of a motion of United to postpone other proceedings before the Commission.

On February 25, 1953, the petition to review the order issued December 11, 1952 was filed by United, together with a motion for stay of the Commission's order, requiring United to go forward first with the presentation of its evidence so far as that requirement extends to Docket No. G–1142. The motion for stay was denied by this Court by order entered March 2, 1953, after oral argument.

Thereafter, on April 22, 1953 the Commission filed its motion to dismiss. The latter is premised on the Commission's contention that the Order in controversy is procedural and interlocutory in nature and accordingly this Court is without jurisdiction to review it at this time.[4] On that score the Commission makes reference to Section 15(b) of the Act.[5] The latter provides as follows:

"All hearings, investigations, and proceedings under this act shall be governed by rules of practice and procedure to be adopted by the Commission, and in the conduct thereof the technical rules of evidence need *not* be applied. No informality in any hearing, investigation, or proceeding *or in the manner of taking testimony* shall invalidate any order, decision, rule, or regulation issued under the authority of this act." (Emphasis supplied.)

United, however, contends that the burden of proof in a Section 5(a) proceeding is upon the Commission, and that the disputed Order subverts that burden, thus violating one of its fundamental rights.[6]

■ The contentions stated make it imperative for us to direct our attention to the nature of the Commission's Order, and to determine primarily whether it is a

---

4. In its Motion to Dismiss the Commission also urged that the Petition to Review was not "timely" and further that "In any event, United is not aggrieved by the procedure prescribed by the Commission."

5. 52 Stat. 829 (1938), 15 U.S.C.A. § 717n.

6. United concedes that it must carry the burden in the other Dockets.

"mere procedural order" or one which constitutes an administrative action of substantial character approaching some degree of finality. Algonquin Gas Transmission Co. v. Federal Power Commission, 1 Cir., 1953, 201 F.2d 334, 337, 338. It is settled that in order to be reviewable an order of the Commission must be "sufficiently final and definitive to justify us in exercising the power of review vested in us by the statute." Atlantic Seaboard Corp. v. Federal Power Commission, 4 Cir., 1953, 201 F.2d 568, 572. See Columbia Broadcasting System, Inc. v. United States, 1942, 316 U.S. 407, 425, 62 S.Ct. 1194, 1204, 86 L.Ed. 1563.[7]

■ Time and again, the Supreme Court has cautioned us that reviewability is limited "to orders of a definitive character dealing with the merits of a proceeding before the Commission and resulting from a hearing upon evidence and supported by findings appropriate to the case." Federal Power Commission v. Metropolitan Edison Co., 1938, 304 U.S. 375, 383, 384, 58 S.Ct. 963, 967, 82 L.Ed. 1408. Particularly pertinent to the issue presented here is the ruling in that case that Section 313(b) of the Federal Power Act, 16 U.S.C.A. § 825l(b) (substantially identical with Section 19(b) of the Natural Gas Act), is not to "be construed as authorizing a review of every order that the Commission may make, albeit of a merely procedural character" and that "Such a construction, affording opportunity for constant delays in the course of the administrative proceeding for the purpose of reviewing mere procedural requirements or interlocutory directions, would do violence to the manifest purpose of the provision."[8]

■ Applying the principles stated to the issue here presented we are of the opinion that the Order in controversy is wholly procedural and that it does not affect the substantive rights of United, nor does it partake in any degree of the "finality" requisite for review. It is merely an order dealing with the burden of going forward with the evidence. It does not bear in any respect upon the issue of the "burden of proof" as contended by United. Indeed, the Order does not even purport to chart the procedure for the entire hearings to be conducted by the Commission. It merely provides that after United has presented its evidence, Counsel for the Commission "shall conduct as much of their cross-examination as they are then prepared to undertake." It does not deal with the presentation of the Commission's evidence or opportunity for rebuttal by United. In every respect it is but a piece-meal procedural order, specifying the conduct of the proceedings only to the point where United has presented its testimony and the Commission's cross-examination with respect thereto. It does not in any sense, or degree, bear upon the merits of the controverted fundamental issues which must ultimately be adjudicated by the Commission.

Viewed from any aspect, the Commission's Order does not subvert the burden of proof nor does it in any way affect the substantive rights of United. United's contention that it violates a fundamental right impales it on the horns of a dilemma. If such were indeed the case such violation would obviously infect the entire proceedings and would be correctible upon review of the Commission's final dispositive order on the merits. Philadelphia Company v. Securities and Exchange Commission, 1948, 84 U.S.App.D.C. 73, 175 F.2d 808, 816.

Comment is unavoidable that United has attempted by its petition for review "to enjoin administrative hearings because of a supposed or threatened injury, and thus ob-

7. The Supreme Court there said:
"The ultimate test of reviewability is not to be found in an overrefined technique, but in the need of the review to protect from the irreparable injury threatened in the exceptional case by administrative rulings which attach legal consequences to action taken in advance of other hearings and adjudications that may follow, the results of which the regulations purport to control." Cf. Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528, affirming Beneficial Industrial Loan Corp. v. Smith, 3 Cir., 1948, 170 F.2d 44, 49.

8. See Myers v. Bethlehem Shipbuilding Corp., 1938, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638.

tain judicial relief before the prescribed administrative remedy has been exhausted" and it is settled that such attempts "have been held to be at war with the long-settled rule of judicial administration." Federal Power Commission v. Metropolitan Edison Co., supra, 304 U.S. at page 385, 58 S.Ct. at page 968, 82 L.Ed. 1408.

For the reasons stated the Commission's Motion to Dismiss United's Petition for Review will be granted.