**T. J. CLAVEAU TRANSPORTATION, INC.**

v.

**INTERSTATE COMMERCE COMMISSION and the United States of America.**

**Civ. A. No. 3376.**

United States District Court,
D. New Hampshire.
July 19, 1971.

Todd, Dillon & Sullivan, Washington, D. C., Warren E. Waters, Cleveland, Waters & Bass, Concord, N. H., for plaintiff.

David A. Brock, U. S. Atty., Concord, N. H., for defendants.

## MEMORANDUM OPINION

BOWNES, District Judge.

This is an action to vacate, enjoin, annul and set aside orders of the Interstate Commerce Commission made February 4, May 27, and June 24, 1971; Docket No. MC–134194 (Sub No. 3), Norman C. Emerson. These orders scheduled the application of Norman C. Emerson for handling under the Commission's modified procedure rules which provide for the submission of evidence in the form of verified statements of facts and provide that, except for good cause shown, preliminary motions and requests for cross-examination of witnesses or for other relief will not be acted upon until after all verified statements are filed. The orders also denied the request of the plaintiff for an oral hearing conducted by a Joint Board. The Commission ordered that applicant's rebuttal statements be filed on or before July 26, 1971, which means that a decision will be made after that date as to whether or not an oral hearing will be held. No order has issued on the application itself.

The plaintiff alleges that the use of the modified procedure rules by the Commission violates due process of law because he is prevented from determining the facts he must controvert since he has no opportunity for discovery or cross-examination. The plaintiff also alleges that the Commission has acted unlawfully and in violation of Section 205(a) of the Interstate Commerce Act, 49 U.S.C. § 305(a) which obligates the Commission to assign opposed three-state applications to an appropriate Joint Board for oral hearing.

The plaintiff asks that a Three-Judge Court be convened pursuant to 28 U.S.C. §§ 2284 and 2325, and that pending hearing and determination by such Court, I issue a temporary restraining order temporarily restraining the Commission from executing or enforcing the orders issued February 4, May 27, and June 24, 1971.

There was a hearing on the petition for a temporary restraining order on Thursday, July 15th, at which time the government asserted that this court lacked jurisdiction because the orders involved were not final, but preliminary and procedural.

The issue, therefore, is whether the orders are reviewable at this time. 5 U.S.C. § 704 provides:

§ 704. Actions reviewable

Agency action made reviewable by statute and final agency action for

which there is no other adequate remedy in a court are subject to judicial review. *A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action.* Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority. [Emphasis ours.]

No decision has been made yet by the ICC on the application itself. The Commission has not even decided whether or not there will be an oral hearing; such decision will not be forthcoming until after July 26. It is clear that these orders are preliminary and procedural and since they are not directly reviewable, are subject to review only on the review of the final agency action.

The doctrine of exhaustion of administrative remedies makes this action a premature resort to the court. The doctrine of exhaustion of administrative remedies provides in essence "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50–51, 58 S.Ct. 459, 463, 82 L.Ed. 638 (1938). Chief Justice Hughes put it succinctly in Federal Power Commission v. Metropolitan Edison Co., 304 U.S. 375, 385, 58 S.Ct. 963, 968, 82 L.Ed. 1408 (1938):

> So, attempts to enjoin administrative hearings because of a supposed or threatened injury, and thus obtain judicial relief before the prescribed administrative remedy has been exhausted, have been held to be at war with the long-settled rule of judicial administration.

The plaintiff puts great stress on the case of Jones Truck Lines, Inc. v. United States, 321 F.Supp. 821 (W.D.Ark.1971). While that case does cast some doubt on the validity of the Commission's use of the modified rules procedure in this type of situation, it does not stand for the proposition that the plaintiff is entitled to review at this stage of the proceedings. The orders reviewed in that case included not only the use of the modified rules procedure, but also the order recommending the application and the approval of the recommended application. The court in *Jones Truck Lines, Inc.* was reviewing final agency action.

This court has no jurisdiction to interfere now with the procedure of the Commission.

The order is:

The petition to convene a Three-Judge Court is denied; motion for temporary *restraining order is moot.*