John KOKAJKO, d/b/a
Voyageurs, Petitioner,

v.

FEDERAL ENERGY REGULATORY
COMMISSION, Respondents.

Central Maine Power
Company, Intervenor.

No. 87–1891.

United States Court of Appeals,
First Circuit.

Jan. 21, 1988.

Before CAMPBELL, Chief Judge,
COFFIN and SELYA, Circuit Judges.

### MEMORANDUM AND ORDER

The respondent, Federal Energy Regulatory Commission (FERC) and the intervenor, Central Maine Power Co., have moved to dismiss the petition for review of a FERC order. We grant the motions and dismiss.

On July 24, 1987, FERC issued an order in response to a request for rehearing filed by Central Maine Power. The July 24, 1987 order reversed an order favoring the petitioner and dismissed the petitioner's complaint. The petitioner, timely, i.e., within thirty days after issuance of the July 24, 1987 order, applied for rehearing. 16 U.S.C. § 825l (a).

On September 17, 1987, FERC issued an order granting rehearing of the July 24, 1987 order solely for the purpose of further consideration. That is, the September 17, 1987 order expressly stated that the grant of rehearing was not a final order on rehearing, did not constitute a grant or denial of the rehearing on its merits in whole or in part, but rather was granted in order to review more fully the arguments raised in petitioner's request for rehearing. It is clear that the September 17, 1987 order granting rehearing for purpose of further consideration was issued so as to give FERC more time to consider the merits of the petition for rehearing and to avoid a denial of the petition by silence. Section 825l (a) of Title 16 provides, in pertinent part,: "Unless the Commission acts upon the application for rehearing within thirty days after it is filed, such application may be deemed to have been denied."

According to the parties, the petition for rehearing is still pending before FERC and no decision on its merits has issued. Nonetheless, the petitioner filed the present petition for review in this court on October 20, 1987. The petition contends that FERC failed to timely decide the request for re-

hearing or, alternatively, that the "tolling order" of September 17, 1987, coupled with the length of time that the underlying matter has been pending before FERC, constitutes a denial of due process.

■ We agree with FERC and Central Maine Power that because FERC has not yet issued a ruling on the merits of the petition, this court is without jurisdiction. The petitioner argues that FERC must act *on the merits* within thirty days following the filing of the petition for rehearing. The statutory language, however, although requiring FERC to "act" upon the application for rehearing within thirty days after filing, lest the application is deemed denied, does not state, as the petitioner would have it, that FERC must "act on the merits" within that time lest the application is deemed denied. At least two circuits, in reviewing language identical to the language at issue in 16 U.S.C. § 825*l* (a), have ruled that "tolling orders" such as the one at issue in the present case are valid and that a petition for review filed prior to a decision on the merits of the application for rehearing is premature. *California Company v. Federal Power Commission*, 411 F.2d 720 (D.C.Cir.1969) (construing Natural Gas Act, 15 U.S.C. § 717r(a)); *General American Oil Co. of Texas v. Federal Power Com'n.*, 409 F.2d 597 (5th Cir.1969) (same); *see Arkansas Louisiana Gas Co. v. Hall*, 453 U.S. 571, 577 n. 7, 101 S.Ct. 2925, 2930 n. 7, 69 L.Ed.2d 856 (1981) (certain provisions of the Federal Power Act, 16 U.S.C. § 791a *et seq.*, and the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, "are in all material respects substantially identical" and the Court cites interchangeably decisions interpreting pertinent sections of the two statutes) (citations omitted).

The petitioner attempts to distinguish both the *California Company* case and the *General American Oil Co. of Texas* case by arguing that those two cases involved complex rate proceedings and the petition for rehearing pending before the agency when the Circuit Courts ruled that the petition for judicial review was premature, was from an initial decision of the agency. By contrast, the petitioner contends that the substance of his proceeding before FERC is relatively simple and that FERC has already ruled twice on the merits, *i.e.*, ruling in petitioner's favor on the merits in 1984, then granting rehearing and reversing the ruling in petitioner's favor in 1987.

First, although the petitioner's complaint against Central Maine Power may be "relatively simple," (*i.e.*, his complaint that the utility is charging unreasonable fees for access to the Kennebec River), when compared to rate proceedings involving numerous parties, the fact that FERC, over the course of proceedings thus far, has held opposing views on the merits, belies the appropriateness of the label "simple." Second, in any event, we believe the contrasts pointed out by petitioner between the *California Company* and *General American Oil Co. of Texas* cases and the present case are distinctions without differences. This court's authority to review, granted by 16 U.S.C. § 825*l* (b), is limited to "orders of a definitive character dealing with the merits of a proceeding before the Commission." *Fed. Power Comm'n v. Edison Co.*, 304 U.S. 375, 384, 58 S.Ct. 963, 967, 82 L.Ed. 1408 (1938). We agree with the 10th Circuit which has said that it is a requirement of a "definitive" order that it "have some substantial effect on the parties which cannot be altered by subsequent administrative actions." *Public Service Co. of N.M. v. Federal Power Comm'n.*, 557 F.2d 227, 233 (10th Cir.1977) (citation omitted). Obviously, since FERC has not yet ruled on the merits of the petitioner's request for rehearing, FERC's July 24th, 1987 order reversing its prior order in petitioner's favor and dismissing petitioner's complaint can, and may in fact, be altered by subsequent action by FERC. We do not believe we are empowered, and in any event we are loath, to step in at this juncture to review FERC's order of July 24th.

■ The petitioner also argues that excessive administrative delay has denied him due process. He seeks an order from this court instructing FERC as to the process to be followed and specific deadlines to be met in his case. Presumably, because he

has not elaborated further, the appropriateness and the particulars of such process and deadlines are to be determined by this court. Although not expressed as such, the petitioner appears to be seeking by this request a writ of mandamus, 28 U.S.C. § 1651(a), to compel agency action. We decline to issue such a writ.

We recognize the petitioner's frustration in not yet having a final administrative resolution to his complaint filed in 1983. The petitioner's major objection is directed at the necessity to seek rehearing before FERC, which is a statutorily-mandated prerequisite to seeking court review of FERC's order. 16 U.S.C. § 825l(a). The petitioner perceives his complaint as ricocheting from order to grant of rehearing to order to grant of rehearing with seemingly little hope of achieving final resolution. Moreover, the requests for rehearing in the petitioner's case, one directed at the August 1984 ruling in petitioner's favor and the second directed at the July 1987 ruling reversing the 1984 order, have, in each case, been followed by FERC's issuance of a "tolling order" enabling FERC to take the additional time it indicates that it needs to review more fully the arguments raised in the application for rehearing. The tolling orders inevitably extend the time for a final administrative ruling and thus judicial review.

We have recently discussed guidelines which are relevant to determining whether FERC's delay in issuing a final order is so egregious that mandamus is warranted. *Wellesley, Concord and Norwood, Mass. v. F.E.R.C.*, 829 F.2d 275, 277 (1st Cir.1987). We do not reiterate the guidelines in the abstract here but find it sufficient to note the following: While a claim which is virtually tied up in interminable successive rounds of administrative review may present due process concerns, we do not believe that the delay which has occurred in the present case is, as yet, so unreasonable that the extraordinary measure of mandamus is appropriate. Based on the materials submitted to us, for the most part, there appear to have been relatively few periods of any significant length of unexplained agency inaction during the course of proceedings. And, as a general proposition, we believe it wiser that an agency be allowed to give complete and deliberate consideration to a complaint before it, even to the point of rehearing arguments more than once. The present matter concerns economic regulation, and human health and welfare are not implicated. We do not know the number and type of other matters presently pending before the agency, but FERC is statutorily required to give preference and speedy consideration to questions concerning increased rates or charges for the transmission or sale of electric energy. 16 U.S.C. § 824d(e). While not wishing to denigrate the importance of the petitioner's claim or the necessity of it receiving a prompt resolution, we cannot ignore the impact that court-ordered deadlines in the petitioner's case could have on agency activities of a competing or higher priority. We trust, however, that FERC will give due consideration to the concerns over further delays expressed herein. It seems to us that a five year delay is approaching the threshold of unreasonableness. Finally, should the petitioner ultimately prevail, it is assumed he will be refunded any excess payments he may have made. We, therefore, do not find that the petitioner is subject to irreparable injury such that either review of the merits or the issuance of a writ of mandamus is warranted at this time. *See Public Service Co. of N.M. v. Federal Power Comm'n.*, 557 F.2d at 233 ("[t]o be reviewable the order must have an impact upon rights and be of such a nature that it will cause irreparable injury if not challenged") (citation omitted); *Wellesley, Concord and Norwood, Mass. v. F.E.R.C.*, 829 F.2d at 277 (one of the conditions for issuing a writ of mandamus is that petitioner has " 'no other adequate means to attain the relief' " desired) (citation omitted).

*The motions to dismiss filed by FERC and Central Maine Power Company are granted.*