**EXECUTIVE NATIONAL BANK, Petitioner,**

v.

**BOARD OF GOVERNORS OF the FEDERAL RESERVE SYSTEM, Respondent.**

**In re EXECUTIVE NATIONAL BANK, Petitioner.**

**Nos. 89–4831, 89–4852.**

United States Court of Appeals, Fifth Circuit.

Nov. 16, 1989.

Richard M. Byrd, Patrick J. Kennedy, Jr., Kennedy & Baris, San Antonio, Tex., for petitioner.

Jeffrey W. Hill, Lillick & McHose, Los Angeles, Cal., Robert J. Herrmann, Sr. Deputy Comptroller of the Currency, Paul D. Fritts, Director of Bank Supervision, FDIC, Washington, D.C., Kenneth W. Littlefield, Texas Banking Com'r, Austin, Tex., Stuart M. Gerson, Asst. Atty. Gen., U.S. Dept. of Justice, Richard M. Ashton, Assoc. Gen. Counsel, Douglas B. Jordan, Sr. Atty., Bd. of Governors of the Federal Reserve System, Washington, D.C., Larry E. Temple, Austin, Tex., for respondent.

Before REAVLEY, KING and JOHNSON, Circuit Judges.

PER CURIAM:

Petitioner Executive National Bank, a national banking association, is the target of a proposed acquisition by Bancomer, S.N.C., a Mexican corporation, and its subsidiary holding companies.[1] On February 27, 1989, pursuant to section 9 of the Bank Holding Company Act of 1956, 12 U.S.C. § 1841 *et seq.*, Bancomer filed an application with the Federal Reserve Bank in San Francisco for approval of its proposed acquisition of petitioner. The Board of Governors of the Federal Reserve System has not yet entered an order ruling on the application. On November 6, 1989, petitioner filed a petition for review and request for declaratory judgment, contending that the Federal Reserve Board's unreasonable delay in processing Bancomer's application "is tantamount to an order of denial." Petitioner also moved for emergency and expedited review under Rule 27 of the Federal Rules of Appellate Procedure and Local Rule 27.4.

On this day, petitioner has also moved for a temporary restraining order under the All Writs Act, 28 U.S.C. § 1651(a), "in aid of this Court's jurisdiction" in the declaratory judgment action described above. Analogizing its requested relief to "a stay of execution of a death-row inmate," petitioner contends that it is in immediate danger of being closed by the Federal Deposit Insurance Corporation, and requests that we enjoin the Comptroller of the Currency from closing petitioner during the pendency of our review of its primary action.

Finding that we lack jurisdiction to entertain petitioner's "appeal" under 12 U.S.C. § 1848,[2] we must dismiss its petition for review and declaratory judgment. Lacking subject matter jurisdiction in this cause, we similarly must dismiss the motion for a temporary restraining order.

## I.

Under the Bank Holding Company Act, 12 U.S.C. § 1841 *et seq.* (BHCA), prior approval of the Federal Reserve Board (the Board) is required before a bank holding company may acquire ownership or control of more than five percent of the voting shares of a bank such as petitioner Executive National Bank (ENB). *Id.* at § 1842(a)(3). Pursuant to this requirement, Bancomer, S.N.C., and its subsidiaries (collectively, Bancomer) filed an application on February 27, 1989, with the Federal Reserve Bank of San Francisco, pursuant to Board procedures, for prior Board approval of Bancomer's plan to acquire 100 percent of the outstanding voting shares of ENB. Thereafter followed a course of correspondence among Bancomer, ENB, the Federal Reserve Bank of San Francisco, and the Board's staff in Washington, D.C. Much of this correspondence involved Board requests for additional information required to complete Bancomer's application.

Recognizing its precarious financial situation,[3] ENB engaged in efforts to expedite

---

1. The subsidiary companies are Bancomer Holding Company (Antilles) N.V., Bancomer Holding Company (Netherlands) B.V., and Bancomer Holding Company, a California corporation.

2. Section 1848 provides:
   Any party aggrieved by an order of the Board under this chapter may obtain a review of such order in the United States Court of Appeals within any circuit wherein such party has its principal place of business, or in the Court of Appeals in the District of Columbia, by filing in the court, within thirty days after the entry of the Board's order, a petition praying that the order of the Board be set aside.... Upon the filing of such petition the court shall have jurisdiction to affirm, set aside, or modify the order of the Board to take such action with regard to the matter under review as the court deems proper. The findings of the Board as to the facts, if supported by substantial evidence, shall be conclusive.

3. ENB states that on February 24, 1989, representatives of the Southwestern District Office of the Comptroller met with ENB's board of directors to advise ENB of its insolvency and the

the processing of Bancomer's application. However, apparently due to the complexity of the application, the need for additional information to afford an adequate Board review, and the involvement of sensitive issues of Board policy regarding the acquisition of American banks by foreign entities, the Board has, to date, failed to rule on the application.

■ In its petition for review, ENB claims that the Board's inaction amounts to a denial, and that under § 1848 of the BHCA, we have jurisdiction to review this "order." ENB seeks a declaratory judgment that, under the "91-day rule" of § 1842(b)(1), Bancomer's application for prior Board approval of its acquisition of ENB has been granted by operation of law. ENB also contends that it has standing, although it is not an applicant to the Board, because of "its fiduciary duty to protect its shareholders and depositors alike from injury that they will sustain should the Bank fail." Concluding that the Board's actions in this agency proceeding neither constitute, nor substitute for, a reviewable order, we hold that this court does not have subject matter jurisdiction under 12 U.S.C. § 1848 to review ENB's petition. We do not reach the separate issue of whether ENB has standing as a "party aggrieved" under § 1848 to bring an action against the Board.

## II.

■ Congress has provided the courts of appeals with jurisdiction to review "an order of the Board" issued pursuant to the BHCA. 12 U.S.C. § 1848. ENB concedes that the Board has not yet issued an order granting or denying Bancomer's application. However, ENB urges that we consider the Board's prolonged processing of the

money needed to recapitalize ENB to prevent a closure.

**4.** We have previously recognized that the 91-day rules contained in both § 1842(b)(1) and § 1843(c) are interchangeable. *See Republic of Texas Corp. v. Board of Governors of Fed. Reserve System,* 649 F.2d 1026, 1039 (5th Cir.1981); *see also Memphis Trust Co. v. Board of Governors of Fed. Reserve System,* 584 F.2d 921, 923 n.

application, and its failure to provide a ruling, as "tantamount to a denial." We are unwilling to find jurisdiction to review directly the actions of the Board where Congress has not expressly conferred it.

Although ENB's contended basis for jurisdiction under § 1848 is an issue of first impression in this circuit, a similar argument was squarely addressed, and rejected, by the Court of Appeals for the Ninth Circuit in *BankAmerica Corp. v. Board of Governors of Fed. Reserve System,* 596 F.2d 1368, 1374–75 (9th Cir.1979). BankAmerica argued in that case that due to Board inaction for a period of 91 days, BankAmerica's application (for Board approval of an expansion of its nonbanking activities) should be deemed granted under § 1843(c) of the BHCA, which contains the counterpart of the 91-day rule that is found in § 1842(b)(1).[4] Before any Board decision on its application, BankAmerica filed an action in district court for a declaratory judgment. The district court granted summary judgment for BankAmerica on its 91-day claim.

On appeal, the Board argued that the district court lacked jurisdiction to hear BankAmerica's action, since exclusive jurisdiction rested in the court of appeals to review Board actions under the BHCA. The Ninth Circuit concluded that the general rule of exclusive jurisdiction did not apply in the case at bar. The court noted that if the Board had entered an order denying BankAmerica's application, the court of appeals would have been BankAmerica's sole avenue of redress in which to raise the 91-day argument. However, in the absence of such an order, BankAmerica was required to raise its action for declaratory judgment in the district court. The court explained:

5 (6th Cir.1978). The relevant provision of the statute involved in ENB's present petition states:

In the event of the failure of the Board to act on any application for approval under this section within the ninety-one-day period which begins on the date of submission to the Board of the complete record on that application, the application shall be deemed to have been granted.

12 U.S.C. § 1842(b)(1).

We recognize that in a particular case a protracted delay can become the functional equivalent of a formal order of denial and can thus be reviewed as such. Nevertheless, that principle does not apply here. A Board delay beyond ninety-one days could not be viewed as tantamount to a denial, because such a delay would result in the granting of the application, not its denial. Similarly, viewing Board delay as tantamount to an order of approval would not enable BankAmerica to petition this court under § 1848, because BankAmerica would not be "aggrieved by [such] an order."

*Id.* at 1374 (citations omitted). *See also Memphis Trust Co. v. Board of Governors of Fed. Reserve System,* 584 F.2d 921, 926 (6th Cir.1978) ("This is not a case where the Board has failed to rule.... Under those circumstances, after 91 days have passed from the submission of the complete record on the application to the Board, an action might be brought in the district court for a declaratory judgment that the application should be 'deemed to have been granted'....").

We agree with the reasoning of the Ninth Circuit. Because there is no order of the Board from which ENB may properly appeal under § 1848, we dismiss its Petition for Review and Request for Declaratory Judgment. *See also Federal Power Comm'n v. Metropolitan Edison Co.,* 304 U.S. 375, 381–83, 58 S.Ct. 963, 965–67, 82 L.Ed. 1408 (1938).

Our disposition of the jurisdictional issue also disposes of ENB's motion for a temporary restraining order to prevent the purported closing this day of ENB by the Federal Deposit Insurance Corporation. ENB seeks to sustain this action by virtue of the All Writs Act, 28 U.S.C. § 1651(a), which provides:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate *in aid of their respective jurisdictions* and agreeable to the usages and principles of law.

*Id.* (emphasis added). ENB contends that we may intervene to protect our prospec-

tive appellate jurisdiction. This argument is circular and unsound because, as explained above, we simply have no jurisdiction to protect under § 1848 of the BHCA.

### III.

The petition for review of an "order" of the Board (No. 89–4831) and all motions pending in No. 89–4831 and No. 89–4852 are DISMISSED.