

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CALIFORNIA PUBLIC UTILITIES COMMISSION, | No. 13-74361 |
| Petitioner, | |
| v. | MEMORANDUM* |
| FEDERAL ENERGY REGULATORY COMMISSION, | |
| Respondent, | |
| SAN DIEGO GAS & ELECTRIC COMPANY, | |
| Respondent-Intervenor. | |

On Petition for Review of an Order of the
Federal Energy Regulatory Commission

Submitted December 8, 2015**
San Francisco, California

Before: KOZINSKI, BYBEE, and CHRISTEN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The California Public Utilities Commission (CPUC) asks us to review a series of decisions made by the Federal Energy Regulatory Commission during rate recovery proceedings instituted by San Diego Gas & Electric Company. We lack jurisdiction to do so and accordingly dismiss.

To determine whether we have jurisdiction to review "an order issued by the [FERC]," 16 U.S.C. § 825*l*(b), under the Federal Power Act, we ask three questions: (1) "whether the order is final"; (2) "whether, if unreviewed, it would inflict irreparable harm on the party seeking review"; and (3) "whether judicial review at this stage of the process would invade the province reserved to the discretion of the agency." *Steamboaters v. FERC*, 759 F.2d 1382, 1387–88 (9th Cir. 1985); *see also Fed. Power Comm'n v. Metro. Edison Co.*, 304 U.S. 375, 383–84 (1938). The orders here don't pass muster.

First, the orders are not final in the relevant sense. Orders declining to hold the FERC proceeding in abeyance did not, and could not have, "impose[d] an obligation, denie[d] a right, or fixe[d] some legal relationship *as a consummation* of the administrative process." *City of Fremont v. FERC*, 336 F.3d 910, 914 (9th Cir. 2013) (emphasis added). They merely said the process would go on. Second, immediate review was not necessary to avert irreparable harm, largely because the harm of which CPUC complains was of its own making. CPUC contends that it

2

was effectively denied its right to participate in the FERC proceeding and represent California ratepayers when the ALJ denied the abeyance. Not so. CPUC *chose* not to participate in the remaining proceedings. Finally, review of an interlocutory order denying an abeyance would interfere with FERC's discretion. *Cf. Mobil Oil Exploration & Producing Se. Inc. v. United Distrib. Cos.*, 498 U.S. 211, 230 (1991) ("An agency enjoys broad discretion in determining how best to handle related, yet discrete, issues in terms of procedures.").

We lack jurisdiction and therefore **DISMISS** the petition for review.