[No. 45890. En Banc. April 24, 1980.]

SEATTLE SHORELINES COALITION, ET AL, *Appellants,*
v. WILLIAM JUSTEN, ET AL,
*Respondents.*

Roger M. Leed and Michael W. Gendler, for appellants.

Douglas N. Jewett, City Attorney, and Ellen D. Peterson, Assistant, for respondent City of Seattle.

Ryan, Swanson, Hendel & Cleveland, by Dale E. Kremer, for respondent Richardson.

ROSELLINI, J.—This appeal involves the interpretation of certain provisions of Seattle Zoning Ordinance 86300, as it existed in April 1978.[1]

---

[1]The parties have not brought copies of the pertinent ordinances to the court, and it appears they have not been codified. This court's efforts to obtain official copies of the ordinances and their effective dates from the city attorney's office have been met with only partial success, that office appearing both reluctant and unable to disclose these matters. Under such circumstances, the presumption that every man knows the law has a hollow ring. However, the parties are in agreement that the following provisions were in effect during the period involved in this case, and we will treat them as the law for its purposes.
ARTICLE 25 ADMINISTRATION AND ENFORCEMENT
Section 25.40 Right of Appeal.
The following rulings or interpretations of the Superintendent shall be subject to review by the Hearing Examiner:
(a) That a use permit shall issue or be denied;
. . . [Added 9/14/75; amended 5/1/77; amended 6/16/77.]
Section 25.41 Notice of Appealable Rulings and Interpretations.

In 1974, the respondent Richardson applied for a substantial development permit to improve his property

The *Superintendent* shall compile a list of the appealable rulings . . . made by him and publish such list in the City official newspaper, stating the nature of the proposed work, the street address where such work is proposed, its estimated cost, and the action taken by the *Superintendent,* within 7 days after such action has been taken. Said list shall also be posted in a conspicuous place on the fifth floor of the municipal building convenient to the public, and shall be mailed to the main and all branch public libraries of the City. *Use* permits shall state on their face that the permit is issued subject to the right of appeal as provided in this Ordinance, and that any work done or expense incurred pursuant to said permit and prior to the expiration of the time for filing an appeal is at the risk of the permittee, and that if a timely appeal is filed said permit may be suspended in whole or in part until the appeal has been decided by the Hearing Examiner. A *building* permit to demolish an existing *structure* shall not be issued until the time for appeal has expired or until any appeal is finally decided in favor of the applicant. [Added 9/14/75.]

Section 25.42 Advance Ruling Procedure.

Any developer may obtain an advance ruling by the *Superintendent* as to whether a *use* permit will issue by filing a request therefor with said *Superintendent* describing the essential features of a proposed development, to determine whether an application for a *use* permit would comply with this Ordinance. Notice that such filing has been made shall be published by the developer once in the City official newspaper and once a week for two consecutive weeks in a local community newspaper serving such area, in form approved by the *Superintendent.* The advance ruling of the *Superintendent* shall be included in the list of appealable rulings and interpretations referred to in Section 25.41 of this Ordinance, and if not appealed or if appealed and sustained, such ruling shall be subject to review by the Hearing Examiner under Section 25.40 only if a *use* permit is not obtained or the work permitted is not started within a period of eighteen months from the date of such advance ruling or the date of a decision of the Hearing Examiner sustaining such advance ruling if the same is appealed. Such advance ruling shall be subject to any subsequent changes in applicable law and shall vest no rights in the developer to obtain a *use* permit as against such subsequent changes of law. [Added 9/14/75.]

Section 25.43 Appeal Procedure.

Any individual, . . . corporation, . . . or private organization of any character, significantly . . . interested in any appealable ruling . . . of the *Superintendent* may demand that the same be reduced to writing and may file an appeal in writing with the Hearing Examiner within a period extending to 5:00 P.M. of the 14th day following the date of publication of such ruling . . ., stating explicit exceptions and objections thereto. . . . [Added 9/14/75.]

Section 25.44 Hearing Examiner's Consideration.

. . . Appeals shall be considered *de novo* and the decision thereon shall be made upon the same basis as was required of the *Superintendent,* provided that the ruling or interpretation of said *Superintendent* shall be regarded as

located at 1315 N.E. Boat Street, on the shore of Lake Union in Seattle. The property at that time was zoned for manufacturing, and the proposed improvement would involve the construction of an office building, a permitted use. An environmental impact statement was required and was prepared. Eventually a substantial development permit was issued, which required a change in the proposed use from business to residential. After further administrative procedures, including public hearings, appeals to the city hearing examiner, and the publication of "notice of action" pursuant to RCW 43.21C.080,[2] Richardson applied for a building–use permit. The parties are agreed that this application invoked the provisions of section 25.40 of the zoning code.

The application, filed on April 20, 1978, was screened at the building department counter to determine, insofar as possible, that it was adequate for checking, that the use was permitted in the zone, and that the other necessary permits or authorizations had been obtained. On April 25, 1978, notice of intention to grant the use permit was published in the manner required under section 25.43. No appeal was taken by any interested party, and on July 7, 1978, the permit was granted.

On July 25, 1978, the appellants, a corporation comprised of persons and organizations interested in the preservation of shorelines, and two of its members individually, appealed to the hearing examiner. The appeal was dismissed as untimely, a decision which was affirmed by the Superior Court in this action, which was brought to obtain judicial

---

prima facie correct, and the burden of establishing the contrary shall be upon the appellant . . . [Added 9/14/75.]

Section 25.45 Hearing Examiner's Decision.

. . . The decision of the Hearing Examiner shall be final, the applicant, appellant and *Superintendent* shall be bound thereby, and the *Superintendent* shall modify or revoke any *use* permit issued to conform the same to the decision of the Hearing Examiner. [Added 9/14/75.]

[2]This section provides a time limit for the bringing of any action challenging the action on SEPA grounds, where notice is given in accordance with the section.

review of the hearing examiner's ruling. We accepted a direct appeal.

The question presented is whether publication of a notice of intent to issue a use permit is valid notice under the zoning ordinance. It is the theory of the appellants that the ordinance does not authorize the publication of notice until a permit has been issued, and that the time for taking an appeal runs accordingly.

It is not disputed that it has been the consistent practice of the superintendent of buildings to publish such notice before the issuance of the permit, and that the task has been assigned to the personnel who check permit applications at the front counter. This practice reflects the administrative interpretation of the ordinances, and is entitled to considerable weight. *Hama Hama Co. v. Shorelines Hearings Bd.,* 85 Wn.2d 441, 536 P.2d 157 (1975).

Ordinarily, there is no formal ruling by the superintendent upon an application. The permit is issued if the application meets the various requirements of the City; otherwise it is denied. The process is almost entirely ministerial, except for the superintendent's exercise of discretion with regard to environmental considerations, pursuant to RCW 43.21C and our holding in *Polygon Corp. v. Seattle,* 90 Wn.2d 59, 578 P.2d 1309 (1978).

The appellants first argue that the code manifests an intent that only final rulings shall be appealable, and the superintendent does not finally rule upon a permit application until he issues the permit. We note first that the code does not speak of "final" rulings and makes express provision for appeals from "advance rulings"—that is, contingent rulings—in section 25.42. Furthermore, the import of section 25.41 is to require the publication of notice at least 14 days prior to the issuance of a building permit to demolish an existing structure.

It is suggested that because section 25.42 provides for advance rulings in certain cases, it is only in those cases (and demolition cases) that a ruling can be made prior to the issuance or denial of a permit. But it appears that this

section was included to enable a property owner contemplating a building project to obtain a ruling without having to go to the expense of preparing the kind of plans and specifications which are necessary for a building permit application. He need only describe the essential features of a proposed development in order to obtain such a ruling, and will thus save himself considerable expense if he is told that the proposed use will not be permitted. This provision has no relevance where it is the permit itself which is sought.

Furthermore, it is obvious that in every case any ruling with respect to the issuance of a permit must be made before it is issued. It is such rulings, according to section 25.40(a), which create the occasion for the publication of notice.

The appellants draw our attention to the general rule that only final administrative rulings can be appealed to the courts. As their authorities show, the restriction is generally imposed by statute. *See Federal Power Comm'n v. Metropolitan Edison Co.,* 304 U.S. 375, 82 L. Ed. 1408, 58 S. Ct. 963 (1938); *Medical Comm. for Human Rights v. Securities & Exch. Comm'n,* 432 F.2d 659 (D.C. Cir. 1970); *Department of Ecology v. Kirkland,* 84 Wn.2d 25, 523 P.2d 1181 (1974). Even so, there is now a developing view that rigid requirements of finality may in certain situations deny a party an effective remedy.

In K. Davis, *Administrative Law Text* (3d ed. 1972), cited by the appellants, the author suggests that the requirement of finality should be relaxed in some types of cases. Among these is the case where there is a need to resolve a debilitating uncertainty. It would appear that the publication of notice in advance of the issuance of a permit, as in this case, is designed in part, at least, to facilitate, however slightly, the resolution of just such a "debilitating uncertainty" for the applicant. Until he has a permit upon which he knows he can safely proceed, he can hardly afford to let contracts or otherwise invest in actual construction. As the history of Richardson's application demonstrates,

the processing of such an application may involve quite lengthy and expensive delays. If the time for challenging an applicant's right to a permit runs while the building department is doing its final checking, the necessary delay is somewhat shortened and he will have some assurance upon receiving the permit that he can proceed without risk of further challenges.

We are not shown that the rule of finality is dictated by any statute or ordinance in this case. Nor are we cited to any authority which holds that a city may not authorize appeals from interim rulings within the administrative structure.

But it is urged that the appellants are denied a right to obtain review of any discretionary decision which the superintendent might make with respect to environmental factors, after the appeal period has passed and before the permit is issued. While this may at first glance be a valid objection, it is in fact illusory. If the appellants believed that there were environmental objections to the proposed improvement (and if such objections could be raised as late as April 1978, in spite of the provisions of RCW 43.21C), they could have been raised before the hearing examiner on an appeal taken pursuant to the ordinance. The examiner hears the case de novo, and there is nothing in the code to restrict the challenges which may be made before him. His decision is binding upon the superintendent. Therefore, once the examiner's decision is made, the superintendent must comply with it. Of course, if the applicant should propose to make a significant change in his plans, the approval of the superintendent would be required and, consequently, a new notice of intent to issue or deny the permit would be necessary. But that is not the situation here.

The appellants argue further that section 25.41 reveals an intent to require that notice be given after the permit is issued. This section provides that use permits shall give notice that they are subject to the right of appeal as provided in the ordinance. If the time for appeal has expired

when the permit is issued, the appellants point out, there is no need for such a warning, and it is not to be presumed that the provision was intended to serve no purpose. Therefore, they argue, it must have been the intent to make the appeal period run from the time of the issuance of the permit. The superintendent, on the other hand, interprets this section to require the warning only where the appeal period has not expired, and it is only in those cases that he includes the statement on the face of the permit.

While the provision is open to the interpretation placed upon it by the appellants, that which the superintendent has adopted is in harmony with the applicable provisions of the ordinance read as a whole. Since it is not disputed that this was his consistent practice from the time of the adoption of the ordinance until the time of the hearing and neither the hearing examiner nor the legislative body of the City had disapproved it, the correctness of his interpretation is given further credence. It was the apparent intent of the ordinance to give persons objecting to the issuance of a permit an opportunity to present their objections to the hearing examiner in a timely manner before work on a project is begun. The superintendent's interpretation gives practical effect to that intent.

The publication of notice of intent to issue the permit was all that was needed to bring the matter which concerned the appellants to issue. Although that intent was subject to change, its announcement was sufficient to invoke the appellants' right of appeal. The time of publication, in relation to the issuance of the permit, was immaterial.

■ Some contention is made that the appellants were entitled to actual notice of the intent to issue the permit, or of its issuance. However, no authority is cited to sustain either of these propositions, and their merit, if any, is not immediately apparent. It is the general rule that a right of action created by statute or ordinance, as is the appellants' right of appeal to the hearing examiner, is subject to such

valid restrictions, conditions, or limitations as the legislative body may place upon it. 1 C.J.S. *Actions* § 9 (1936). *Kelleher v. Ephrata School Dist. 165,* 56 Wn.2d 866, 355 P.2d 989 (1960). The city council saw fit to give the appellants, as persons interested in the use to be made of Richardson's property, an opportunity to challenge his right to a permit. But it required them to ascertain for themselves by reading the ordinance and official notices, the time and conditions under which such a challenge could be made. The appellants have cited no authority supporting the proposition that persons in their circumstances are entitled *to actual notice.* There appears *no reason why an exception to* the general rule should be made in this instance.

The judgment is affirmed.

UTTER, C.J., and STAFFORD, WRIGHT, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.

Reconsideration denied July 17, 1980.