[No. 8051–2–I. Division One. April 9, 1981.]

SAN JUAN COUNTY, ET AL, *Appellants,* v. THE DEPARTMENT OF NATURAL RESOURCES, ET AL, *Respondents.*

E. H. Knapp, *Prosecuting Attorney,* and *Alfred J. Schweppe,* for appellants.

*Kenneth O. Eikenberry, Attorney General, Charles B. Roe, Senior Assistant,* and *Richard Kirkby, Assistant,* for respondents.

CORBETT, J.—This appeal is from a decision of the Superior Court, upholding an order of the Shorelines Hearings Board (SHB).

The Department of Natural Resources (DNR) applied to San Juan County for a substantial development permit, pursuant to the Shoreline Management Act of 1971, RCW 90.58. The proposed development consists of two mooring buoys, five campsites, a group fire ring, four picnic sites, two vault toilets, a well, signing, fencing, screening and improvement of the existing access road. The road is to be used for administrative purposes only and would be gated and locked to prevent public access from the uplands. The property fronts on Griffin Bay and is bounded on three sides by privately owned land. The purpose of the development is to provide a boating destination site.

DNR filed a declaration of nonsignificance pursuant to the State Environmental Policy Act of 1971, RCW 43.21C (SEPA). This negative threshold determination was based upon a checklist prescribed by the SEPA guidelines. The county planning department studied the application and recommended approval, subject to 10 conditions. The Board of County Commissioners then held a hearing at which no opposition was expressed by the county engineer or county sanitarian. However, neighbors and other citizens did voice objection. The county commissioners denied the application without stating any reasons. Thereafter DNR filed a request for review with SHB. The Department of Ecology, Firestone and Burden (owners of property near the site) appeared as intervenors.

SHB conducted a de novo proceeding, heard testimony, received exhibits, considered argument, entered findings of fact and conclusions of law, and by order remanded the matter to San Juan County with instructions to issue a substantial development permit with 11 specific conditions (the added condition was to move the campsites from the forested area). The County and property owners appealed to the superior court. The decision of the Superior Court upholding the SHB order has been appealed to this court.

■ Appellants first argue that SHB review is limited to the record of proceedings before the county commissioners. We find that RCW 90.58.180(3) directs a broader scope of

review by requiring a de novo adversary hearing pursuant to the administrative procedures act, RCW 34.04.

 Appellants next argue that the standard of review to be applied by SHB is a determination of whether the county commissioners acted in an arbitrary and capricious or clearly erroneous manner. Therefore if there is a rational ground for the denial of the permit, the county commissioners must be upheld. They assert that this rational ground was impliedly found by SHB when it added the condition to the permit. Fire hazard was strenuously argued to SHB which made detailed findings that did not include fire hazard, thus negating the contended implication. Additionally, the standard of review is not that contended by appellants. The Board has adopted administrative rules as to the scope and standard of review.

WAC 461–08–174, Scope of review, provides:

Hearings upon requests for review shall be quasi-judicial in nature and shall be conducted *de novo* unless otherwise required by law.

WAC 461–08–175, Standard of review, provides in part:

(1) In deciding upon a request for review brought pursuant to RCW 90.58.180(1) and (2) the board shall make its decision considering the following standards:

. . .

(c) . . . whether the action of the local government unit is consistent with the applicable master program and the provisions of chapter 90.58 RCW.

(2) Evidence that is material and relevant to determination of the matter consistent with the standards set out in subsection (1) above, subject to these rules, shall be admitted into the record whether or not such evidence had been submitted to the local government unit.

This statement by SHB of its interpretation of the statute is to be accorded great deference. *Hayes v. Yount,* 87 Wn.2d 280, 293, 552 P.2d 1038 (1976); *Department of Ecology v. Ballard Elks Lodge 827,* 84 Wn.2d 551, 556, 527 P.2d 1121 (1974). We find that WAC 461–08–174 and –175 correctly interpret the Shoreline Management Act of 1971.

 Appellants object to SHB directing the commission-

ers to issue a permit, and complain that this is inconsistent with RCW 90.58.140(3), which provides:

Local government shall establish a program, consistent with rules adopted by the department, for the administration and enforcement of the permit system provided in this section. *The administration of the system so established shall be performed exclusively by local government.*

(Italics ours.) The Shoreline Management Act of 1971 requires management of the shoreline by planning for and fostering all reasonable and appropriate uses. It calls for a planned, rational and concerted effort to be performed by federal, state and local governments to prevent the harm inherent in uncoordinated and piecemeal development (RCW 90.58.020). It is apparent from the act that SHB is the body charged with review of the local decisions to grant or deny a development permit and to determine whether such action is consistent with the master program adopted pursuant to the Shoreline Management Act of 1971. (RCW 90.58.180(1)). This responsibility necessarily requires that SHB have the power to approve or condition the approval of a permit. *See State v. Crown–Zellerbach Corp.,* 92 Wn.2d 894, 899, 602 P.2d 1172 (1979), citing *State ex rel. Puget Sound Navigation Co. v. Department of Transp.,* 33 Wn.2d 448, 206 P.2d 456 (1949). The administration of the permit system is not thereby removed from the local jurisdiction, but is made to be consistent with the Shoreline Management Act of 1971. Although there are several cases dealing with permits modified pursuant to the order of SHB, in none has the power of the Board been questioned. *Portage Bay–Roanoke Park Community Council v. Shorelines Hearings Bd.,* 92 Wn.2d 1, 593 P.2d 151 (1979); *Weyerhaeuser Co. v. King County,* 91 Wn.2d 721, 592 P.2d 1108 (1979); *Department of Ecology v. Kirkland,* 84 Wn.2d 25, 523 P.2d 1181 (1974); *Department of Ecology v. Ballard Elks Lodge 827, supra.* The power to review a permit decision does not remove from the local jurisdiction the general administration of a permit system.

■ Appellants next contest the DNR declaration of non–significance. It is attacked as conclusionary and not supported by findings as required in *Sisley v. San Juan County,* 89 Wn.2d 78, 84, 569 P.2d 712 (1977). Included in the record before us is the checklist prepared by DNR which was considered by the planning department, the county commissioners and SHB. The council on environmental policy was authorized by RCW 43.21C.110 to adopt rules of procedure and implementation of the State Environmental Policy Act of 1971. These rules are referred to as SEPA guidelines and were effective on January 16, 1976. The guidelines impose a mandatory procedure to be followed by all public agencies, including the precise form of checklist used here. This checklist contains facts in support of the negative determination and provides the public with "an opportunity to understand or consider" the DNR negative determination. *Sisley, supra* at 86. It further provides a reviewable record on appeal and evidences "actual consideration of environmental factors" before the negative determination. *Sisley, supra* at 86, citing *Norway Hill Preservation & Protection Ass'n v. King County Council,* 87 Wn.2d 267, 275, 552 P.2d 674 (1976).

Appellants also claim alternatives to the proposed action were not considered as required by RCW 43.21C.030(c)(iii). This statute requires that alternatives be considered in connection with "major actions" significantly affecting the environment. Appellants rely upon *Bellevue v. King County Boundary Review Bd.,* 90 Wn.2d 856, 586 P.2d 470 (1978), a pre–SEPA guideline case in which the court invalidated a negative declaration that failed to adequately consider environmental factors in connection with a project that had massive environmental impact. We are not here dealing with a "major action". DNR found this development would not have a significant adverse impact on the environment, based on the checklist prescribed by WAC 197–10–365. We find the checklist and other evidence presented adequate to support the declaration of non–significance and therefore no need to discuss alternatives arises.

Appellants assign error to SHB finding that future expansion of the proposed development need not be considered, claiming the project was not fully disclosed and the application was therefore defective. The checklist clearly discloses a plan to develop 10 additional campsites, but only if the site receives heavy usage. SHB considered the full scope of the project, and found the present development was not "coercive" of future expansion. Based on this determination, SHB directed its analysis to the development proposed in the application. We find the fact that there could be a proposal in the future to expand development, which presumably is subject to County approval and SHB review, does not cause this decision of SHB to be arbitrary and capricious or clearly erroneous.

Affirmed.

JAMES, C.J., and ANDERSEN, J., concur.

Reconsideration denied May 7, 1981.

Review denied by Supreme Court July 17, 1981.