850 F.2d 599
 27 ERC 2145, 18 Envtl. L. Rep. 21,016
 FRIENDS OF THE EARTH, a New York non-profit corporation;
Pilchuck Audubon Society, a Washington non-profit
corporation; Puget Sound Alliance, a Washington non-profit
corporation; Seattle Audubon Society, a Washington
non-profit corporation; Sierra Club, a California
non-profit corporation; Washington Environmental Council, a
Washington non-profit corporation, Plaintiffs-Appellants,
v.
UNITED STATES NAVY, an agency of the United States and;
James H. Webb, Jr., in his capacity as Secretary
of the Navy, Defendants-Appellees.
 No. 87-4304.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 17, 1988.
Decided June 30, 1988.
 
 Victor M. Sher, Sierra Club Legal Defense Fund, Inc., Seattle, Wash., for plaintiffs-appellants.
 J. Carol Williams, Dept. of Justice Land & Natural Resources Div., Washington, D.C., for defendants-appellees.
 Appeal from the United States District Court for the Western District of Washington.
 Before SKOPIL, REINHARDT, and LEAVY, Circuit Judges.
 LEAVY, Circuit Judge:
 
 
 1
 On March 7, 1988, we filed an opinion in which we held:
 
 
 2
 [T]he Navy is permanently enjoined from obligating or expending any funds for the construction of the Everett homeport until a Shoreline Management Act permit has been issued. This permit will not be considered issued until it has been approved after review by the Shorelines Hearings Board.
 
 
 3
 Friends of the Earth v. United States Navy, 841 F.2d 927, 937 (9th Cir.1988).
 
 
 4
 On May 17, 1988, the State of Washington's Shorelines Hearings Board (Board) published a decision in the appeal by Friends of the Earth (FOE) of the permit obtained by the Navy from the City of Everett under the Shorelines Management Act (SMA), Wash.Rev.Code Secs. 90.58.010-.930 (West Supp.1987). The Board split evenly on whether to affirm the permit. The effect of the tie vote is to affirm the permit as granted by the City of Everett. Department of Ecology v. City of Kirkland, 523 P.2d 1181, 84 Wn. 25 (1974). On May 31, 1988, the Board denied FOE's motion for reconsideration; thus, the Board's decision is final for the purpose of judicial review. Id.
 
 
 5
 On June 1, the United States Department of Justice, on behalf of the Navy, sent a letter to the clerk, in which it stated that the Navy viewed our injunction as having dissolved by its own terms upon the Board's decision. Therefore, unless directed otherwise by this court, the Navy stated it intended to commence homeport construction activities on upland federal land on June 8.
 
 
 6
 On June 1, FOE filed an "Emergency Motion for Order to Show Cause Why Defendants Should Not be Held in Civil Contempt and for Order Directing Defendants Not to Renew Construction." FOE argued that under Washington's Shoreline Management Act (SMA), the automatic stay of construction, which existed while the permit was pending before the Board, continues for a minimum of thirty days following the Board's ruling to allow an aggrieved party to seek judicial review in state court. If judicial review is sought, FOE contended that the permittee may begin construction only upon receiving permission of the court. Therefore, FOE argued, if the Navy's permit is not effective for purposes of commencing construction pursuant to it, the permit has not "issued."
 
 
 7
 The Navy responded, and we ordered both sides to provide supplemental briefing on three issues.[1] The State of Washington was granted leave to file an amicus curiae brief and to present oral argument. Oral argument was heard on June 17.
 
 
 8
 We hold that the SMA permit "issued" for purposes of the National Defense Authorization Act when the decision of the Shorelines Hearings Board became final, on May 31, 1988. Pub.L. No. 99-661, Sec. 2207 (1986); Pub.L. No. 100-180, Sec. 2322 (1987). At that point the administrative agency's actions were completed. We do not believe that in enacting the NDAA, Congress intended the concept of issuance of a permit to become enmeshed with the intricacies of the State of Washington's judicial review proceedings concerning agency actions. While it is true that the permit is still subject to judicial review, Wash.Rev. Code Sec. 90.58.140(5)(b), and the permit may not be effective until the state court proceedings are completed, id., this does not alter the permit's status as "issued" as of the date the administrative proceedings were completed.
 
 
 9
 In conclusion, we hold that the SMA permit was issued when the decision of the Shorelines Hearings Board became final, May 31, 1988. Thus, our injunction of March 7, 1988, is dissolved.
 
 
 
 [1]
 The Navy's "Motion for Leave to File a Separately Bound Addenda to Supplemental Brief" is granted