[No. 21719-8-II. Division Two. October 16, 1998.]

PACIFIC ROCK ENVIRONMENTAL ENHANCEMENT GROUP, *Respondent*, v. CLARK COUNTY, ET AL., *Respondents*, J.L. STOREDAHL & SONS, INC., *Petitioner.*

*James L. Sellers* of *Sellers & Jacobs*, for petitioner.

*Arthur D. Curtis, Prosecuting Attorney for Clark County,* and *Richard S. Lowry, Deputy; James I. Holland* of *Hall, Holland & Dimitrov;* and *David T. McDonald* of *Cross & McDonald, P.C.,* for respondents.

BRIDGEWATER, J. — J.L. Storedahl and Sons, Inc. (Storedahl), seeks review of a superior court order on Pacific Rock Environmental Enhancement Group's (PREEG) petition under the Land Use Petition Act (LUPA) remanding the case to the hearing examiner to set a proper time frame for discovery. We hold that LUPA provides for review only of "land use" decisions; discovery orders are not included in the definition of "land use" decisions; therefore, the superior court had no jurisdiction under LUPA to review the hearing examiner's decision. We reverse.

In February 1996, Clark County issued a notice and order to regulate Storedahl's mining and related activities on the banks of the Lewis River. Pursuant to the CLARK COUNTY CODE, Storedahl appealed the notice and order. PREEG intervened to oppose Storedahl's continued mining activities. The matter was set before a hearing examiner.

The hearing examiner ordered that discovery take place within 30 days and that the hearing be set within 60 days. PREEG appealed this order to the superior court, initially as a petition for writ of certiorari, but amended to a "Land Use Petition" under LUPA. Storedahl moved to dismiss PREEG's petition and to lift the stay on the proceedings before the hearing examiner. The superior court denied Storedahl's motion to dismiss and reversed the hearing examiner's discovery order, remanding the matter back to the hearing examiner to set a time for discovery "consis-

tent with the due process rights of the parties, and reasonably calculated under the circumstances to give the parties to this matter an adequate opportunity to conduct discovery . . . ." Storedahl appealed both orders. We granted discretionary review to consider whether the superior court has jurisdiction under LUPA to review an interlocutory discovery order.

LUPA, RCW 36.70C, was enacted to establish uniform procedures for appeal of land use decisions made by local jurisdictions. RCW 36.70C.010. LUPA replaces the writ of certiorari for appeal of land use decisions and is the exclusive means of judicial review of land use decisions, with certain exceptions. RCW 36.70C.030. For example, LUPA specifically excludes from its coverage a means of interlocutory review—a writ of mandamus or prohibition. RCW 36.70C.030(1)(b). PREEG chose, however, to seek review under the terms of LUPA, and thus the order reviewed by the superior court must be covered by LUPA.

Storedahl argues that the superior court lacked jurisdiction to review PREEG's Land Use Petition because it asked the court to review a decision of the hearing examiner that fell outside the definition of "land use decision" in LUPA and therefore was not reviewable under LUPA. Thus, our only issue is whether LUPA permits review of a hearing examiner's order on discovery before the case has proceeded to a final conclusion. Because LUPA provides only for review of "land use decisions," our review is further narrowed to determining if a prehearing discovery order is a "land use decision" under the statute.

Construction of a statute is a question of law; it is reviewed de novo. *Waste Management, Inc. v. Utilities & Transp. Comm'n*, 123 Wn.2d 621, 627, 869 P.2d 1034 (1994). The reviewing court's obligation is to give effect to the intent of the Legislature. Review begins with the plain language of the statute. *Lacey Nursing Ctr., Inc. v. Department of Revenue*, 128 Wn.2d 40, 53, 905 P.2d 338 (1995). Where a statute is unambiguous, legislative intent is determined from the language of the statute alone. *Waste*

*Management*, 123 Wn.2d at 629; *In re Eaton*, 110 Wn.2d 892, 898, 757 P.2d 961 (1988).

■ ■ A "land use decision" is defined in the act as a "final determination by a local jurisdiction's body or officer with the highest level of authority to make the determination" on the following:

> (a) An application for a project permit or other governmental approval required by law before real property may be improved, developed, modified, sold, transferred, or used, but excluding applications for permits or approvals to use, vacate, or transfer streets, parks, and similar types of public property; excluding applications for legislative approvals such as area-wide rezones and annexations; and excluding applications for business licenses;

> (b) An interpretative or declaratory decision regarding the application to a specific property of zoning or other ordinances or rules regulating the improvement, development, modification, maintenance, or use of real property; and

> (c) The enforcement by a local jurisdiction of ordinances regulating the improvement, development, modification, maintenance, or use of real property. However, when a local jurisdiction is required by law to enforce the ordinances in a court of limited jurisdiction, a petition may not be brought under this chapter.

RCW 36.70C.020. Interlocutory procedural decisions do not fall under any of these definitions of "land use decision": (a) this order was not a determination on an application for government approval of land use; (b) this order was not an "interpretative or declaratory decision regarding the application"; (c) this order was not an "enforcement by a local jurisdiction of ordinances regulating the . . . use of real property." RCW 36.70C.020(1)(b), (c). Because the Legislature explicitly excluded certain means of review from the scope of LUPA, and included only certain kinds of decisions, it is clear that if the Legislature had intended to provide review of pretrial procedural decisions within the act, it would have done so.

PREEG argues that review of interlocutory orders is al-

lowed under LUPA. First, PREEG argues that because "final determination" is undefined, the court must resort to the common-law definition of a "final appealable order," which PREEG contends would include a discovery order.[1] This argument sidesteps the more important fact that LUPA provides for review only of "land use decisions," a phrase that is defined and that does not include discovery orders. PREEG also argues that, traditionally, review of pretrial orders has been allowed.[2] But, again, this is irrelevant if it is not allowed under LUPA, the statute under which PREEG pursued its appeal. Finally, PREEG argues that by limiting the time for discovery to 30 days, the hearing examiner deprived it of due process because it would not be able to develop an adequate record to challenge Storedahl within that time. If we found that LUPA allowed review of this discovery order, then PREEG's constitutional argument would be relevant. *See* RCW 36.70C.130(1)(f) (stating that one ground for reversal of a land use decision is a violation of constitutional rights). But without the jurisdiction for review, the argument has no relevance.

Because LUPA does not include an interlocutory procedural order within its definition of "land use decision," PREEG cannot seek review of this discovery order under that act. The superior court had no jurisdiction to review the order under LUPA.[3]

Reversed and remanded to the superior court with

---

[1]"[A]dministrative orders are ordinarily reviewable when 'they impose an obligation, deny a right, or fix some legal relationship as a consummation of the administrative process.' " *Department of Ecology v. City of Kirkland*, 84 Wn.2d 25, 30, 523 P.2d 1181 (1974) (quoting *Chicago & S. Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 113, 68 S. Ct. 431, 92 L. Ed. 568 (1948)).

[2]Judicial policy generally disfavors interlocutory appeals, but where the trial court has committed "obvious or probable error" in its ruling, the case may be appropriate for discretionary review under RAP 2.3(b) and RAP 5.1(c). *Hartley v. State*, 103 Wn.2d 768, 773-74, 698 P.2d 77 (1985).

[3]By this holding we do not foreclose all interlocutory review. Other means exist for review other than LUPA; perhaps, for example, the statutory writs of prohibition, mandamus or certiorari, or the constitutional writ of certiorari. But even if we were inclined to treat PREEG's petition as one for a writ, it would not succeed in this case. The statutory writs require that there be no "plain, speedy and adequate remedy in the ordinary course of law." RCW 7.16.170, .300. A

instructions to dismiss the LUPA proceeding and to vacate the "Order on Remand."

HOUGHTON, C.J., and MORGAN, J., concur.

constitutional writ is appropriate where "no other avenue of appeal is available and facts exist that, if verified, indicate the lower tribunal has acted in an illegal or arbitrary and capricious manner." *Saldin Sec., Inc. v. Snohomish County*, 134 Wn.2d 288, 294, 949 P.2d 370 (1998). In this case, the examiner's order provided a remedy that was not sought by PREEG, a continuance. The prehearing order provided that the discovery was to be completed within 30 calendar days, "unless the movants request and Storedahl authorizes additional time for discovery or unless the examiner authorizes additional time for discovery because of delays created by objections to depositions or subpoenas." Thus, PREEG did not exhaust the legal remedies available to it and had a plain, speedy and adequate remedy in the ordinary course of law before the examiner. PREEG would not have been entitled to a writ.